**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122569

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| Matthew Anderson, | ) |
| Plaintiff, | ) Case No: |
| v. | ) **COMPLAINT** |
| Edward's Stone, Inc., | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

Plaintiff Matthew Anderson ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Edward's Stone, Inc. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as www.edwardsstone.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Matthew Anderson is an individual who is a citizen of the State of Kansas and maintains a principal place of business at 143 Warner Avenue, Bonner Springs, Kansas 66012 in Wyandotte County.

7. On information and belief, defendant Edward's Stone, Inc., is a Nebraska Corporation with a principal place of business at 13400 South 54th Street, Roca, Nebraska 68430 in Lancaster County, and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Edward's Stone, Inc. because it maintains its principal place of business in Nebraska.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Edward's Stone, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. Edward's Stone, Inc. is the registered owner of the Website and is responsible for its content.

16. Edward's Stone, Inc. is the operator of the Website and is responsible for its content.

17. The Website is a popular and lucrative commercial enterprise.

18. The Website is monetized in that sells merchandise and/or services to the public and, on information and belief, Defendant profits from these activities.

19. On August 14, 2020, Plaintiff Matthew Anderson authored a photograph of a day time exterior angled view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

20. Plaintiff applied to the USCO to register Photograph 1 on October 8, 2020 under Application No. 1-9462287101.

21. Photograph 1 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

22. On November 18, 2020, Plaintiff observed Photograph 1 on the Website. A copy of a screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2.

23. Photograph 1 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_bfbcbf7ec24048a587894dac6cbc19e9~mv2.jpeg.

24. On August 14, 2020, Plaintiff Matthew Anderson authored a photograph of a day time exterior front view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

25. Plaintiff applied to the USCO to register Photograph 2 on October 8, 2020 under Application No. 1-9462287101.

26. Photograph 2 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

27. On November 18, 2020, Plaintiff observed Photograph 2 on the Website. A copy of the screengrab of the Website including Photograph 2 is attached hereto collectively as Exhibit 2.

28. Photograph 2 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_febef91e1050444093057b5ecada72bc~mv2.jpeg.

29. On August 14, 2020, Plaintiff Matthew Anderson authored a photograph of a night time exterior angled view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 3"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

30. Plaintiff applied to the USCO to register Photograph 3 on October 8, 2020 under Application No. 1-9462287101.

31. Photograph 3 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

32. On November 18, 2020, Plaintiff observed Photograph 3 on the Website. A copy of the screengrab of the Website including Photograph 3 is attached hereto collectively as Exhibit 2.

33. Photograph 3 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_0914d30292d64a1bbd427dc9240aebf3~mv2.jpeg.

34. On August 31, 2020, Plaintiff Matthew Anderson authored a photograph of an interior angled fireplace view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 4"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

35. Plaintiff applied to the USCO to register Photograph 4 on October 8, 2020 under Application No. 1-9462287101.

36. Photograph 4 was registered by USCO on October 8, 2020 under Registration

No. VA 2-222-985.

37. On November 18, 2020, Plaintiff observed Photograph 4 on the Website. A copy of the screengrab of the Website including Photograph 4 is attached hereto collectively as Exhibit 2.

38. Photograph 4 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_c18b6ab84db8451daed8dc0b2968b3ea~mv2.jpeg.

39. On August 31, 2020, Plaintiff Matthew Anderson authored a photograph of an interior fireplace view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 5"). A copy of Photograph 5 is attached hereto collectively as Exhibit 1.

40. Plaintiff applied to the USCO to register Photograph 5 on October 8, 2020 under Application No. 1-9462287101.

41. Photograph 5 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

42. On November 18, 2020, Plaintiff observed Photograph 5 on the Website. A copy of the screengrab of the Website including Photograph 5 is attached hereto collectively as Exhibit 2.

43. Photograph 5 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_4a5b7985a14c4114aa57a6dd26166179~mv2.jpeg.

44. On August 31, 2020, Plaintiff Matthew Anderson authored a photograph of an exterior angled pool view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 6"). A copy of Photograph 6 is attached hereto collectively as Exhibit 1.

45. Plaintiff applied to the USCO to register Photograph 6 on October 8, 2020 under Application No. 1-9462287101.

46. Photograph 6 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

47. On November 18, 2020, Plaintiff observed Photograph 6 on the Website. A copy of the screengrab of the Website including Photograph 6 is attached hereto collectively as Exhibit 2.

48. Photograph 6 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_9c39f9883203477baff3a191ca433759~mv2.jpeg.

49. On August 31, 2020, Plaintiff Matthew Anderson authored a photograph of an exterior pool view of the 2020 Artisan Tour Home for Starr Homes LLC ("Photograph 7"). A copy of Photograph 7 is attached hereto collectively as Exhibit 1.

50. Plaintiff applied to the USCO to register Photograph 7 on October 8, 2020 under Application No. 1-9462287101.

51. Photograph 7 was registered by USCO on October 8, 2020 under Registration No. VA 2-222-985.

52. On November 18, 2020, Plaintiff observed Photograph 7 on the Website. A copy of the screengrab of the Website including Photograph 7 is attached hereto collectively as Exhibit 2.

53. Photograph 7 was displayed at URL: https://www.edwardsstone.com/fonddulac123 and was stored at URL: https://static.wixstatic.com/media/a8d9bd_15f812bfaefd4c39a478f49878eac612~mv2.jpeg.

54. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected photographs 1 thru 6 (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit 1 which is annexed hereto and incorporated in its entirety herein, on the Website.

55. On information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

56. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed

tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

57. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

58. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

59. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing website marketers and designers as its agents, including but not limited to Carissa Finnegan who is listed on Defendant's Website as part of the Marketing and Design team ("Employees").

60. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

61. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

62. On information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

63. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

64. On information and belief, the Infringements were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

65. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful

blindness to the Infringements on the part of Defendant.

66. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

67. Specifically, on October 27, 2020, Plaintiff received a message from Defendant's Employee Carissa Finnegan requesting permission to use Plaintiff's photographs in their marketing and/or their new catalog. Plaintiff responded to Defendant's Employee the same day providing the cost for use of the photographs ("*Correspondence*"). A copy of the Correspondence is attached hereto collectively as Exhibit 3.

68. Plaintiff did not receive any response from Defendant regarding its intent to proceed with the usage agreement and price. Instead, Plaintiff observed the Photographs on Defendant's Website almost three weeks later.

69. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

70. On information and belief, Defendant monitors the content on its Website.

71. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

72. On information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

73. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

74. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

75. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

76. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

77. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

78. The Photographs are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

79. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

80. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

81. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

82. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

83. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

84. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Integrity of Copyright Management Information 17 U.S.C. § 1202)*

85. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

86. Upon information and belief, Defendants knew that Plaintiff created and held rights to the Photographs because *inter alia*, the source of the Photographs that Defendants used to make its infringing copy specifically attributed the Photographs to Plaintiff by watermark or photo credit.

87. Upon information and belief, in its article on the Website, Defendant copied the Photographs from https://www.starrhomes.net/plan/artisan-tour-home-2020 which contained a photograph credit and watermark on the bottom left or right corners of the Photographs stating "Starr homes LLC, Building Better, Building Green" and "© 2020 Matthew Anderson," the owner and author of the Photographs. Copies of the Photographs with the original photo credits and watermarks are attached hereto collectively as Exhibit 4.

88. The Photographs contained credit and watermark is copyright management information where they were originally posted.

89. Upon information and belief, Defendant intentionally removed copyright management information related to the Photographs with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to include the watermark photo credit originally conveyed with the Photographs in order to mislead the public into believing that Defendants either owned the Photographs or had legitimately licensed them for use in the Infringements. Upon information and belief, in addition to removing the photo credit, Defendant also removed the metadata from the Photographs.

90. In addition, Defendant displayed the unauthorized copies of the Photographs knowing the copyright management information had been removed.

91. Defendant's conduct violates 17 U.S.C. § 1202(a) and 1202(b).

92. Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

93. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

94. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

95. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

96. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504

        in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f.     for pre judgment interest as permitted by law; and

g.     for any other relief the Court deems just and proper.

DATED: July 6, 2021

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 122569