# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EDWARD'S STONE, INC.,<br><br>　　　　　　Defendant. | 4:21CV3131<br><br>ORDER |

　　　　This matter is before the Court on Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint (Filing No. 29).  Plaintiff opposes the motion (Filing No. 30) because the motion to amend is untimely.  The Court agrees and will deny Defendant's motion.[1]

　　　　The Court's Case Progression Orders in this matter set January 11, 2022, as the deadline for parties to move to amend pleadings.  (Filing No. 22; Filing No. 26).  Defendant filed this motion to amend on May 9, 2022, nearly four months after the case progression deadline.  When a party seeks leave to amend a pleading outside of the time period established by a scheduling order, the party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure; "the application of Rule 16(b)'s good-cause standard is not optional."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Id.* at 716.  Although prejudice to the nonmovant resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.  *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

　　　　Defendant's motion must be denied because it made no attempt to show good cause for the untimely amendment.  Defendant only states it seeks to amend one paragraph "for the purpose of clarifying and reflecting the anticipated evidence and testimony of Defendant's employee."  (Filing No. 29).  While Defendant's proposed amendment is rather insignificant and only adds additional facts to an affirmative defense previously pled, the Eighth Circuit is clear that "good-cause standard

---

[1] Defendant did not file an initial brief with its motion, and therefore the motion is now fully ripe.  See NECivR. 7.1(c)(3)("If the moving party does not file an initial brief, it may not file a reply brief without the court's leave.").

is not optional" for motions to amend filed outside the scheduling order's deadline, which showing Defendant has not made.  See *Sherman* , 532 F.3d at 716.[2]   Accordingly,

**IT IS ORDERED:** Defendant's Motion for Leave to File Amended Answer to Plaintiff's Complaint (Filing No. 29) is denied.

Dated this 25th day of May, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[2] To be clear, Defendant's proposed amendment only adds additional facts to an affirmative defense it already raised in its operative answer.  So, while the proposed amendment may clarify anticipated evidence, it is not necessary for Defendant to assert the affirmative defense.  Defenses "need not be articulated with any rigorous degree of specificity, and may be sufficiently raised for purposes of Rule 8 by their bare assertion."  *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015)(Gerrard, J.) (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)).  "[T]he Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it," and courts do not "adhere to a construction of the Rule that would privilege "form over substance."  *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765-66 (8th Cir. 2022) (internal citations omitted).